## John B. Colegrove, Appellee, v. W. W. Berry, Appellant.

1. VERDICTS—*what does not determine preponderance of evidence.* The preponderance of evidence does not depend solely upon the number of witnesses.

2. VERDICT—*when not disturbed.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the County Court of Christian county; the Hon. JAMES H. MORGAN, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

FRANK P. DRENNAN, for appellant.

JAMES A. MERRY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

W. W. Berry has appealed from a judgment rendered against him in the County Court of Christian county in favor of John B. Colegrove upon return of a verdict in the sum of $172.75.

It appears from the evidence that Colegrove owned two tracts of farming land near Breckenridge, Illinois, one containing one hundred and forty acres and called by the parties the north farm, and the other containing sixty acres, called the south farm; that Colegrove rented these farms for the season of 1905, to one Jacob L. Yohoe, and that, as rent, Yohoe was to pay $360 in cash for the north farm, which was paid to Colegrove through Berry upon sale of corn grown thereon, and for rent of the south farm was to deliver two-fifths of the crop grown on said sixty-acre tract; that the corn grown upon said farms was drawn and delivered to Berry, appellant, who operated an elevator at Breckenridge, about one mile from where the corn was grown; that for two-fifths of the corn grown

on the south place, and now claimed by Colegrove as his share of the crop for rent, Berry made payment to Yohoe instead of Colegrove, and it is to recover from Berry the value of such two-fifths of the corn grown on said south farm, together with an item of $27 for an abstract furnished to Berry by Colegrove, that this suit was brought.

Appellant contends that appellee failed to establish his claim by a preponderance of the evidence and for that reason the verdict should have been set aside. Colegrove testified that he notified Berry of what rent was due him from Yohoe and in what way and manner it was to be paid, i. e. that he prepared a notice in writing stating fully his claim for rent upon the premises involved and George Synder testified that he delivered such written notice to Berry at his office on November 4, 1905. Howard Dougherty testified that he helped to gather the corn grown on the south farm and hauled it to Berry at Breckenridge; that he finished delivering such corn on November 15, 1905, and that at that time he heard his brother tell Berry that Colegrove was to get or have two-fifths of the corn; that there was 911 bushels of corn from the south farm and that Berry was to pay forty cents per bushel for it.

Berry admitted receiving the corn in dispute and that he knew Yohoe was a tenant of Colegrove, but claimed he had paid Yohoe for it and that at the time he paid Yohoe that Yohoe said to him that he did not owe a cent. Berry did not deny that Dougherty said to him when the corn was delivered on November 15, that two-fifths of the corn was Colegrove's.

Berry made an affidavit, upon a motion for continuance, that if Yohoe was present he would testify that there was nothing due from Yohoe to Colegrove and Colegrove admitted that Yohoe would so testify, but expressly denied that such claim of Yohoe was true or correct.

This was, in substance, the evidence bearing upon the subject of rent. While the evidence is, in some

respects, conflicting, we do not think that it can be said that the jury were not justified in returning the verdict they did, or that Colegrove failed to establish his claim by a preponderance of the evidence.

The preponderance of evidence does not depend solely upon the number of witnesses and we have no doubt that the jury were impressed with what seems to us the controlling facts in the case as admitted by Berry, viz. that he was notified in writing by Colegrove on November 4, that two-fifths of the corn was his and that the proceeds thereof must be paid to him, and that on the fifteenth of the same month, when the last of the corn was drawn and delivered to Berry, he was again told by Dougherty that Colegrove was to get two-fifths of the corn.

Berry knew that he was receiving corn that belonged to Colegrove and not to Yohoe and if, with such knowledge upon his part, he saw fit to pay Yohoe for it, it was his place to know that the latter had authority to accept such payment.

The case seems to have been tried upon its merits and the judgment is right and therefore affirmed.

*Affirmed.*